UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA ex rel. KEN ELDER, | Case No. 21-CV-1753 (PJS/HB) |
| Relator, | |
| v. | ORDER |
| U.S. BANK, N.A., | |
| Defendant. | |

David S. Golub, SILVER GOLUB & TEITELL LLP; Michael S. Devorkin, GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP; Charles N. Nauen and David J. Zoll, LOCKRIDGE GRINDAL NAUEN PLLP; and Alan J. Wilensky, for relator.

James R. McGuire, Sarah N. Davis, and Andrew W. Schilling, BUCKLEY LLP; Julie R. Landy, FAEGRE DRINKER BIDDLE & REATH LLP, for defendant.

Relator Ken Elder filed this action in state court on behalf of the State of Minnesota against defendant U.S. Bank, N.A. ("U.S. Bank") under the Minnesota False Claims Act ("MFCA"), Minn. Stat. § 15C.01 et seq. Elder alleges that U.S. Bank has wrongfully failed to pay millions of dollars to the State of Minnesota—funds that, according to Elder, are subject to escheatment under Minnesota's Uniform Disposition of Unclaimed Property Act ("MUPA"), Minn. Stat. § 345.31 et seq. After Elder filed an amended complaint, U.S. Bank removed this action to federal court, alleging that there is federal-question jurisdiction under 28 U.S.C. § 1331. ECF No. 1.

This matter is before the Court on Elder's motion to remand. For the reasons that follow, Elder's motion is granted, and this action is remanded to state court.

## I. BACKGROUND

Under MUPA, any cashier's check that remains uncashed three years after issuance is presumed abandoned and escheats to the State of Minnesota if the check was either (a) issued in Minnesota or (b) issued in another state that does not provide for escheatment of such check. Minn. Stat. § 345.32(c); Minn. Stat. § 345.43, subd. 2a. MUPA also requires holders of funds that are presumed to be abandoned to file verified annual reports identifying all such funds in their possession. Minn. Stat. § 345.41.

U.S. Bank is a national bank with its main office in Ohio and its principal place of business in Minnesota. Am. Compl. ¶ 7. Elder alleges that U.S. Bank has (since at least 2012) knowingly failed to pay the State of Minnesota millions of dollars in amounts owing on abandoned cashier's checks. Am. Compl. ¶ 15. Elder further alleges that U.S. Bank has failed to disclose these same checks in its required annual reports and therefore has knowingly filed false annual reports. Am. Compl. ¶ 15.

Elder alleges that, for each cashier's check that U.S. Bank issues, U.S. Bank maintains records that include the identity of the purchaser, the date of purchase, and the branch at which the check was purchased or issued. Am. Compl. ¶ 18. In addition, U.S. Bank maintains records of the last known addresses of its account holders. Am.

Compl. ¶ 18.  Therefore, when U.S. Bank issues a cashier's check to an account holder for the holder's own benefit, U.S. Bank has a record of the payee's last known address.  Am. Compl. ¶ 18.  Elder alleges that, based on the information in its records, U.S. Bank should have known that the cashier's checks at issue were subject to escheatment in Minnesota.  Am. Compl. ¶¶ 20, 27.

Elder alleges that, instead of complying with Minnesota law, U.S. Bank has taken the position that these checks are subject to escheatment in Ohio.  Am Compl. ¶¶ 21–25, 27.  According to Elder, U.S. Bank takes this position because Ohio law is unusually favorable to the holders of abandoned property.  For example, Ohio requires holders to escheat only ten percent of the value of abandoned funds, altogether exempts business-to-business transactions from escheatment, and has a five-year waiting period before a cashier's check is presumed abandoned.  Am. Compl. ¶ 22.

On the basis of these allegations, Elder brings claims under MFCA.  In particular, Elder alleges that U.S. Bank has violated MFCA by (1) knowingly failing to deliver all of the money in its possession that is "used, or to be used, by the state," Minn. Stat. § 15C.02(a)(4); (2) knowingly concealing, or knowingly and improperly avoiding or decreasing, its obligation to pay money to the state, Minn. Stat. § 15C.02(a)(7); and (3) knowingly making or causing to be made a false record or statement material to its

obligation to pay money to the state, *id.* Am. Compl. ¶¶ 51–53. U.S. Bank removed this action to federal court, and Elder now moves to remand.

## II. ANALYSIS

### A. Standard of Review

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (citation and quotation marks omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### B. Federal-Question Jurisdiction

U.S. Bank claims that this Court has jurisdiction over this case under 28 U.S.C. § 1331, which grants federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (cleaned up). Consequently, a *defense*

based on federal law is insufficient to confer federal jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). That is true even if the defendant argues that federal law preempts the plaintiff's claim: "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Vaden*, 556 U.S. at 60 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of federal law." (cleaned up)).

As a general rule, then, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). There is a "special and small category" of cases, however, in which federal-question jurisdiction may arise when the plaintiff's state-law claim turns on a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (describing this as a "slim category"). Specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

It is important to emphasize that, for a federal question to be "necessarily raised," that federal question must be embedded in the *plaintiff's affirmative case*.¹ In other words, this category of cases reflects a particular application of, and not an exception to, the well-pleaded complaint rule. And as that rule dictates, a federal *defense* is insufficient to invoke federal jurisdiction.

> No element of the landowners' state common law claims necessarily raises a federal issue. Atlantic Richfield raises the Act as an affirmative defense, but "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009).

*Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.4 (2020).

---

¹*See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 382–83 (2016) ("On rare occasions . . . a suit raising a state-law claim rises or falls on the plaintiff's ability to prove the violation of a federal duty."); *Gunn*, 568 U.S. at 259 (federal question was necessary to plaintiff's malpractice claim because he had to prove that, had his attorneys raised a particular federal legal issue, he would have won his underlying patent case); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314–15 (2005) ("Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim . . . ."); *Pan Am. Petroleum Corp. v. Superior Ct. of Del. In & For New Castle Cnty.*, 366 U.S. 656, 663 (1961) (for federal-question jurisdiction to exist, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action" (citation and quotation marks omitted)); *Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180, 199 (1921) (plaintiff's case was premised on claim that the law authorizing the bank's actions was unconstitutional); *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 914 (8th Cir. 2009) (noting that the jurisdictional inquiry "demands precision" and that the defendants "should be able to point to the specific elements of CIPCO's state law claims that" require proof of a federal violation).

U.S. Bank argues that this case comes within this "special and small" category of cases because, although Elder has pleaded only state-law claims, his claims turn on federal law. In order to fully address U.S. Bank's argument, the Court must briefly describe the history of escheatment law.

"The right of appropriation by the state of abandoned property has existed for centuries in the common law." *Conn. Mut. Life Ins. Co. v. Moore*, 333 U.S. 541, 547 (1948). The general rule is that only the state in which the property is located has the right to escheat that property. *Texas v. New Jersey*, 379 U.S. 674, 677 (1965). Because intangible property does not have a physical locus, however, multiple states could potentially lay claim to the same property. *Id.* That would create a constitutional problem, because "the Due Process Clause of the Fourteenth Amendment prevents more than one State from escheating a given item of property." *Id.* at 676.

To resolve this problem, the Supreme Court developed federal common-law rules to determine which state is entitled to escheat intangible property. *Id.* at 677–82. Under those common-law rules, first priority goes to the state of the creditor's last known address, as determined from the debtor's records. *Id.* at 680–81. If the debtor has no record of the creditor's last known address, then the property is subject to escheat in the state of the debtor's corporate domicile. *Id.* at 682.

In 1974, Congress enacted the federal Disposition of Abandoned Money Orders and Traveler's Checks Act ("FDA"), 12 U.S.C. § 2501 et seq., which alters these common-law rules for certain financial instruments. In particular, "[w]here any sum is payable on a money order, traveler's check, or other similar written instrument (other than a third-party bank check)," the state in which the instrument was purchased has the exclusive right to escheat. 12 U.S.C. § 2503(1). If the state of purchase is unknown, then the right to escheat falls to the state of the bank's principal place of business. *Id.* § 2503(2).

U.S. Bank contends that, because Elder's claims concern a type of intangible property—namely, cashier's checks—Elder's claims necessarily rely on federal law. According to U.S. Bank, its escheatment of the abandoned cashier's checks to Ohio is consistent with federal common law. For Elder to prevail, says U.S. Bank, Elder must prove that FDA, and not federal common law, governs escheatment of cashier's checks, and that will require a court to determine whether a cashier's check is a "similar written instrument" under 12 U.S.C. § 2503(1). This federal issue is an essential element of Elder's MFCA claims, says U.S. Bank, because unless Elder proves that FDA applies (and that U.S. Bank should not have escheated the checks to Ohio), he cannot prove that U.S. Bank's reports were "false" under MFCA. *See* Minn. Stat. § 15C.02(a)(7) (imposing liability on a person who "knowingly makes or uses, or causes to be made or used, a

false record or statement material to an obligation to pay or transmit money or property to the state or a political subdivision").

The Court disagrees. Although U.S. Bank repeatedly characterizes the application of FDA to cashier's checks as a "threshold" or "antecedent" issue of federal law, it is, in essence, a preemption defense. As pleaded, Elder's claims do not rely on any allegation that U.S. Bank is in violation of federal law. Instead, Elder alleges that U.S. Bank's reports are false under *Minnesota* law because, under *Minnesota* law, the cashier's checks are subject to escheatment in Minnesota. Federal law does not become an issue unless and until U.S. Bank argues—in *defending* against Elder's claims—that, under federal law, the property is not subject to escheatment in Minnesota, and therefore U.S. Bank's reports are not false.

This is a preemption defense—a defense that U.S. Bank tries in vain to recast as an element of Elder's cause of action. It is true that, at the end of the day, Elder cannot prevail unless he overcomes U.S. Bank's defense. But that could be said of any claim brought by any plaintiff to which a federal defense is asserted. The well-pleaded complaint rule would be toothless if a defendant could avoid it simply by arguing that, because the plaintiff cannot recover on his claim without overcoming a federal defense, the plaintiff's claim arises under federal law. The law is crystal clear that the plaintiff's need to overcome a federal defense (including a federal preemption defense) does not

give rise to federal-question jurisdiction, even if "the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393.[2]

Likewise, the fact that Elder *could* have brought a claim under federal law is irrelevant. Again, under the well-pleaded complaint rule, the plaintiff is the master of his complaint. Elder is entitled to rely solely on state law, even if there is federal law on which he also could have relied. *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 693 (8th Cir. 2016) ("Even if the relief Moore requested were available under both state law and the [federal] IDEA, the well-pled complaint rule protects Moore's right to choose a state law cause of action." (citation and quotation marks omitted)).

In short, a federal issue has arisen in this case only because U.S. Bank—the *defendant*—has "inject[ed] a federal question into an action that asserts what is plainly a

---

[2]Under an exception to the well-pleaded complaint rule known as "complete preemption," the preemptive force of certain federal statutory schemes is so strong that any relevant state-law claims are treated as though they are, from their inception, federal claims. *Beneficial Nat'l Bank*, 539 U.S. at 8. Such claims are therefore removable to federal court. *Id.*

Given that escheatment is an area traditionally governed by state law, it seems highly doubtful that the complete-preemption doctrine would apply in this case. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1189 (8th Cir. 2015) ("Complete preemption is rare and occurs only when a federal statute has extraordinary preemptive power."). Although U.S. Bank sometimes seems to allude to this doctrine, U.S. Bank does not actually contend that the doctrine applies; to the contrary, U.S. Bank contends that the whole issue of preemption is a strawman. ECF No. 30 at 5. (When citing by ECF number, the Court cites to the page numbers generating by the Court's electronic docketing system rather than to the document's internal pagination.) The Court therefore need not address this issue further.

state-law claim." *Caterpillar Inc.*, 482 U.S. at 399. The fact that U.S. Bank may be correct about preemption, and the fact that resolution of the preemption issue may provide a complete defense to Elder's claims, does not matter. *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991) ("When plaintiff's action is properly brought under state law, the defendant is not entitled to remove simply because federal law or principles of federal preemption will provide a defense, even a complete defense, to plaintiff's state law claims.").

U.S. Bank points to *Illinois ex rel. Elder v. JPMorgan Chase Bank, N.A.*, a similar case brought by Elder in which the court denied his motion to remand. *See* No. 21 C 85, 2021 WL 3367155, at *5 (N.D. Ill. Aug. 3, 2021). *JPMorgan* is easily distinguishable, however, because in that case Elder explicitly based his state-law claims on alleged violations of federal law. *Id.* at *4 (Elder's complaint "list[ed] a federal statute as a reason why defendant owes money to the State of Illinois."); *see also Illinois ex rel. Elder v. U.S. Bank N.A.*, No. 21 C 926, 2021 WL 4942041, at *3 n.2 (N.D. Ill. Oct. 22, 2021) (distinguishing *JPMorgan*). Here, by contrast, Elder has been careful to avoid alleging that his state-law claims arise out of federal-law violations.

U.S. Bank also compares this case to *New York ex rel. Jacobson v. Wells Fargo National Bank, N.A.*, 824 F.3d 308 (2d Cir. 2016), and *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022 (N.D. Cal. 2005). These cases are similarly distinguishable, as

the plaintiffs likewise explicitly premised their state-law claims on allegations that the defendants violated federal law. *Jacobson*, 824 F.3d at 317 ("the complaint predicated liability on the assertion that IRS Form 1066 filings were false because—and only because—the Wells Fargo trusts did not qualify for the REMIC status they obtained under federal law"); *Santa Clara*, 401 F. Supp. 2d at 1025 ("All the claims asserted by Santa Clara explicitly involve allegations that it was victimized by drug prices in excess of those allowed under a federal statute . . . .").

Finally, U.S. Bank argues that, because some of the funds at issue have already been escheated to Ohio, there are competing state claims that necessarily give rise to federal jurisdiction. In particular, U.S. Bank contends that, under Ohio law, Ohio will have to indemnify U.S. Bank for any funds that may have wrongfully escheated to Ohio. Even assuming that there would be federal-question jurisdiction over an indemnification claim brought by U.S. Bank against Ohio, there is no such claim in this case. And even if there were, the Court doubts that such a third-party claim would create a basis for removal. *See Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (per curiam) ("The district court therefore did not abuse its discretion in determining that Aniqa's purported basis for removal—i.e., that the presence of federal claims in its third-party complaint rendered the entire action removable under 28 U.S.C. § 1441(c)—was objectively unreasonable.").

Setting that aside, U.S. Bank's argument appears to derive entirely from a statement in *Delaware ex rel. French v. Card Compliant, LLC*, in which the court observed that "[o]nly where states present competing claims to abandoned property does federal common law necessarily come into play to resolve the priority dispute, as illustrated by the *Texas v. New Jersey* cases." No. CV 14-688-GMS, 2014 WL 12769809, at *1 (D. Del. Dec. 10, 2014). But the *Texas v. New Jersey* cases to which the court referred invoked the Supreme Court's original jurisdiction over controversies between two or more states. 28 U.S.C. § 1251(a). This grant of jurisdiction is irrelevant to this case, as no state is a party.[3] *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1026 (8th Cir. 2003) ("The Supreme Court's exclusive jurisdiction under 28 U.S.C. § 1251(a) applies only when one state seeks relief from another state.")[4]

Because Elder's affirmative case—as pleaded on the face of his amended complaint—does not contain an embedded federal question, U.S. Bank cannot meet the requirement that a federal question be "necessarily raised" by the plaintiff. *Gunn*, 568

---

[3]The State of Minnesota declined to intervene in this case. ECF No. 1-3 at 97.

[4]The Court notes that § 1251(a) confers jurisdiction over controversies between states exclusively on the Supreme Court. *Mississippi v. Tennessee*, 142 S. Ct. 31, 37–38 (2021) ("Joinder of Tennessee in the lower federal courts was not possible, however, because this Court has exclusive jurisdiction over suits between States."). Thus, even if the statute conferred federal jurisdiction, it would not provide a basis for U.S. Bank to remove this action to this United States District Court.

U.S. at 258.  And as U.S. Bank has not established any other basis for this Court's exercise of jurisdiction, Elder's motion to remand is granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Relator's motion to remand [ECF No. 20] is GRANTED.

2. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Minnesota District Court, Fourth Judicial District.

Dated:  March 15, 2022                               s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge